Alexander J. Taylor, Esq.
**SULAIMAN LAW GROUP, LTD.**
2500 S. Highland Ave
Suite 200
Lombard, IL 60148
(630) 575-8181
(630) 575-8188 (fax)
ataylor@sulaimanlaw.com
Counsel for Plaintiff
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCUS J. SCIARRA<br><br>Plaintiff,<br><br>v.<br><br>TAVELLI CO., INC. d/b/a TAVCO CREDIT SERVICES,<br><br>Defendant. | Case No.  3:22-cv-05305<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.;***<br><br>2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CODE §1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Marcus J. Sciarra ("Plaintiff"), by and through the undersigned counsel, complaining of Tavelli Co., Inc. d/b/a Tavco Credit Services ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Rosenthal Fair Debt Collection Practices Act ("RDFCPA") pursuant to Cal. Civ. Code §1788.

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental

jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of California, and Defendant conducts business in the Northern District of California and maintains significant business contacts in the Northern District of California.

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of California.

5. Defendant is a business entity engaged in the collection of debts within the State of California. Defendant maintains its principal place of business at 3700 Montgomery Drive Santa Rosa, California 95405.

6. The principal purpose of Defendant's business is the collection of defaulted debts allegedly owed to third parties.

**FACTS SUPPORTING CAUSES OF ACTION**

7. Plaintiff suffers from a disability that necessitates he remain in the care of his mother, Patricia Sciarra.

8. In or around July 2022, Defendant began placing outgoing telephone calls to Plaintiff's cellular telephone ending in 6430.

9. Initially, Plaintiff answered Defendant's incoming call to inquire as to the reason for its communications.

10. Defendant explained that they were attempting to collect a past due debt allegedly owed to UCSF Clinical Integrated Partners for $335.69 ("subject debt").

11. Plaintiff was unable comprehend what Defendant was explaining to him during the telephone call due to his underlying disability.

12. Specifically, Plaintiff disclosed to Defendant that he has Autism, which prevents

him from fully understanding or discussing these matters, and directed Defendant to speak with his mother ("Patricia Sciarra").

13. Unfortunately, Defendant blatantly ignored Plaintiff's remarks and continued to disclose and attempt to collect the alleged subject debt from Plaintiff.

14. Eventually, Patricia Sciarra was able to speak with Defendant on Plaintiff's behalf.

15. Specifically, Patricia Sciarra expressed her frustrations with Defendant for ignoring Plaintiff's remarks regarding his disability while continuing to pressure Plaintiff into completing a payment towards the subject debt.

16. Furthermore, Patricia Sciarra informed Defendant that this subject debt did not belong to Plaintiff.

17. Subsequently, on July 7, 2022, Defendant mailed a collection letter addressed to Plaintiff attempting to collect the subject debt ("Defendant's letter").

18. Upon receipt of Defendant's letter, Patricia Sciarra reviewed the subject debt in question and confirmed that Plaintiff did not owe the subject debt, as Plaintiff never received care from the creditor UCSF Clinical Integrated Partners.

19. Shortly thereafter, Patricia Sciarra placed an outgoing call to UCSF Clinical Integrated Partners on Plaintiff's behalf to confirm that the subject debt did not belong to Plaintiff.

20. During the telephone call with UCSF Clinical Integrated Partners, it was confirmed that Plaintiff was not a patient of theirs and did not acquire the subject debt in question.

21. Plaintiff felt extremely worried that there could be negative consequences if he did not pay the subject debt, even though he knew he was not legally obligated to pay.

22. Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences.

23. Concerned about the violations of his rights, Plaintiff was forced to seek the

assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

### DAMAGES

24. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

25. Plaintiff has expended time and incurred costs consulting with his attorney as a result of Defendant's unfair, deceptive, and misleading actions.

26. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the alleged subject debt.

27. Defendant's harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, waiting Plaintiff's time, increased risk of future identity theft, harassment, depression, emotional distress, anxiety, and loss of concentration.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

30. The alleged subject debts are a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

31. Defendant used the phone to attempt to collect the alleged subject debts and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

32. Defendant is a "debt collector" as defined by §1692a(6) because its primary

business is the collection of delinquent debts and it regularly collects defaulted debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

33. Defendant's communications to Plaintiff were made in connection with the collection of the alleged subject debt.

34. Defendant violated 15 U.S.C. §§1692e, e(2), e(10), f, and f(1) through its unlawful debt collection practices.

    **a. Violations of FDCPA §1692d**

35. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly attempting to coerce a person with disability into communications while pursuing the collection of a debt not owed by Plaintiff.

36. Despite Plaintiff's remarks regarding his disability and requests for Defendant to speak with his mother, Defendant continued to coerce Plaintiff into completing a payment towards the subject debt.

    **b. Violations of FDCPA §1692e**

37. Pursuant to 15 U.S.C.§1692e of the FDCPA, a debt collection is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

38. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged debt. Defendant falsely attempted to collect a debt not owed from Plaintiff.

39. Specifically, Plaintiff never received medical services from UCSF Clinical Integrated Partners and therefore is not responsible for the subject debt.

40. Moreover, Defendant violated §1692 e(10) by using false, deceptive, and misleading representation in connection to collection of the subject debt. In order to secure payment of the

subject debt, Defendant falsely misrepresented Plaintiff's legal obligation to pay subject debt, despite Plaintiff not owning the subject debt and having no legal obligation to pay.

41. As an experienced debt collector, Defendant knew or should have known the ramifications of using deceptive and misleading means to attempt to collect a debt not owed.

**c. Violations of FDCPA §1692f**

42. Defendant violated §1692f by using unfair and unconscionable means in attempt to collect the alleged subject debt.

43. As mentioned before, Plaintiff never received services from UCSF Clinical Integrated Partners and therefore is not legally obligated to pay the alleged subject debt.

44. It was extremely unfair of Defendant to collect a balance not owed from Plaintiff.

**WHEREFORE**, Plaintiff, MARCUS J. SCIARRA respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

**C**OUNT **II** – **V**IOLATIONS OF THE **R**OSENTHAL **F**AIR **D**EBT **C**OLLECTION **A**CT

45. Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

47. The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

48. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

   a. **Violations of RFDCPA § 1788.17**

49. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

50. As outlined above, through their conduct in attempting to collect upon the alleged subject debt, Defendant violated 1788.17; and 15 U.S.C. §1692d, e and f of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

51. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b)

**WHEREFORE**, Plaintiff, MARCUS J. SCIARRA, respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);
   c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
   d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and
   e. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: September 19, 2022

Respectfully submitted,

By: */s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
SULAIMAN LAW GROUP, LTD.
2500 S. Highland Ave
Suite 200
Lombard, IL 60148
(630) 575-8181
(630) 575-8188 (fax)
ataylor@sulaimanlaw.com
Counsel for Plaintiff